UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TERRENCE DAVIS, | Case No. 3:23-cv-00286-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHAMBERLIN, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

On June 15, 2023, *pro se* Plaintiff Terrence Davis, an inmate in the custody of the Nevada Department of Corrections, submitted a document titled "Order to Show Cause for a Preliminary Injunction Emergency." (ECF No. 1-1.) Five days later, Davis filed another document titled "Order to Show Cause for a Preliminary Injunction Emergency." (ECF No. 3.) Davis, however, has not filed a Complaint and either applied to proceed *in forma pauperis* or paid the full $402 filing fee in this matter. The Court construes the documents that Davis filed as emergency motions for preliminary injunctive relief and denies those motions. The Court grants Davis an extension of time to file a Complaint and either pay the required filing fee or file a fully complete application to proceed *in forma pauperis*.

**II.    DISCUSSION**

    **A.    Davis must file a Complaint if he wants to proceed with this action.**

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." But neither document that Davis filed counts as a Complaint. *See* LSR 2-1 (providing that a *pro se* civil-rights Complaint must be submitted on the form provided by the Court or contain substantially all the information called for by the form). For example, the documents do not state what either Defendant did or

otherwise show that Davis is entitled to any relief. The Court grants Davis an extension of time to file a Complaint.

### B. Davis must either pay the filing fee or apply for pauper status.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. *See* 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See id.* at § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit *all three* of the following documents to the Court: (1) a completed *Application to Proceed in Forma Pauperis for Inmate*, which is pages 1-3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed *Financial Certificate*, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the *inmate's prison or jail trust fund account statement for the previous six-month period*. *See* 28 U.S.C. § 1915(a)(1)-(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b). The Court grants Davis an extension of time to either pay the required filing fee or file a fully complete application to proceed *in forma pauperis*.

### C. Davis's motions for injunctive relief are deficient.

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for obtaining a temporary restraining order and the legal standard for obtaining a preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20. The Supreme Court clarified the standard for these forms of equitable relief in *Winter*, instructing that the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). Additionally, the PLRA instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims in the underlying complaint itself." *Id.* The necessary connection is satisfied "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Davis's documents seek an order restraining Defendants Chamberlin and Nelson from "(1) retaliation (2) phone correspondence (3) legal aid and communication interference (4) mail violation and imposition, and (5) punishment unlawfully." (ECF Nos. 1-1 at 3, 3 at 3.) Davis appears to argue that he seeks this relief because he was "targeted" with "verbal threats" on October 17, 2022. (*Id.*) The Court construes the documents as emergency motions for preliminary injunctions. The motions are deficient for several reasons: (1) the motions do not address the relevant legal standards for injunctive relief identified above; (2) the Court lacks authority to issue an injunction because Davis has not filed a Complaint in this action, let alone stated a colorable claim for relief; (3) Davis's generalized concerns about retaliation based on vague verbal threats that he received eight months ago do not show that he is likely to be irreparably harmed in the absence of injunctive relief; and (4) the motions essentially seek an order requiring Defendants to follow the law. The Court therefore denies the motions without prejudice.

## III.     CONCLUSION

It is therefore ordered that Davis has 60 days from the date of this order to file a Complaint.

It is further ordered that Davis has 60 days from the date of this order to either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that the emergency motions for an order to show cause are construed as motions for preliminary injunctions (ECF Nos. 1-1, 3) and denied without prejudice.

Davis is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Davis to

refile the case with the Court, under a new case number, when Davis can file a Complaint and either pay the full $402 filing fee or file a complete application to proceed *in forma pauperis*.

The Clerk of Court is directed to send to Davis (1) the approved form for filing a 42 U.S.C. § 1983 Complaint and instructions for the same, (2) the approved form application to proceed *in forma pauperis* by an inmate and instructions for the same, and (3) a courtesy copy of Davis's initiating document (ECF No. 1-1).

DATED THIS 22nd Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE