UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERRENCE DAVIS,

Plaintiff,

v.

CHAMBERLIN, *et al.*,

Defendants.

Case No. 3:23-cv-00286-MMD-CSD

ORDER

## I. SUMMARY

Plaintiff Terrence Davis initiated this action on June 15, 2023, but he failed to file a complaint and either pay the full $402 filing fee or file an application to proceed *in forma pauperis* ("IFP"). On June 22, 2023, the Court ordered Davis to file a complaint and either pay the required filing fee or apply for IFP status by August 21, 2023. (ECF No. 5.) That deadline has expired, and Davis has not filed a complaint, either paid the filing fee or applied for IFP status, or otherwise responded.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Davis's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without an operative complaint and a plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But entering a second order will only delay the inevitable and further squander the Court's finite resources because Davis ignored the first order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Terrence Davis's failure to file a complaint and either pay the filing fee

or file an application to proceed *in forma pauperis* in compliance with this Court's June 22, 2023 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Terrence Davis wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for pauper status.

DATED THIS 29th Day of August 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE